THE MISSOURI PACIFIC RAILWAY COMPANY v. FRANK McGRATH.

### No. 193.

PLEADING—*Damages for Killing Stock—Demurrer Improperly Sustained.* The petition and second defense in answer set forth: *Held*, Error to sustain a demurrer to the answer.

Error from Greeley district court; J. E. ANDREWS, judge. Opinion filed January 18, 1898. Reversed.

*Waggener, Horton & Orr*, for plaintiff in error.

*J. U. Brown*, and *Milton Brown*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by the defendant in error in the court below to recover damages for the killing of his mule. In his petition he alleged:

"That the company had failed to fence its track in Greeley county at the date of November 27, 1893, and on the night of said day the railway company, through the carelessness and negligence of its agents, servants and employees with its engine and cars, which it was operating, controlling and using, ran against and upon said mule, resulting in the death of the mule, and that such negligent killing of the mule occurred in Greeley county, in this state; that the mule was reasonably worth $150; that it was appraised at $125, and that a demand was made upon the ticket and station agent of the railway company at Towner, Colo., within two days after the killing of the mule, for the payment of said sum, and that the company had failed to pay the plaintiff anything for the mule."

To this petition the plaintiff in error answered by general denial, and for second defense alleged:

"That at the time of the alleged injury to the animal mentioned and described in plaintiff's petition it

was one of the kind prohibited from running at large within the bounds of the county of Greeley, in the state of Kansas; that the board of county commissioners of said county, being duly and legally authorized thereunto, and while said board was in session at the county-seat of said county on the 6th day of January, 1890, by order duly directed that mules, together with certain other animals, should not be allowed to run at large within the bounds of the said county of Greeley; and that said order is in the words and figures following: 'That all horses, cattle, mules, asses, sheep, swine, or any one or more of said classes of animals, are hereby prohibited from running at large in Greeley county, Kansas; that this order shall take effect and be in force on and after the 8th day of February, 1890. Dated at Tribune, Kan., this 6th day of January, 1890. Henry Weaver, chairman. L. J. Rogers.'

"That said order was duly entered on the records of the board of commissioners, and duly and legally published for four successive weeks next after the entry of the order on the records in the newspaper published in the county of Greeley known as the Greeley *Republican*, which publication was duly verified as provided by law, and the affidavit thereof entered on the records.

"Defendant further alleges, that at the time the animal described in said petition was injured as alleged therein, and long prior thereto, the said order of the board of commissioners was in full force and effect, as will more fully appear by reference to the records of the board of county commissioners, which are hereby referred to as a part of this defense. And the defendant alleges that at the time said animal was injured, as alleged in the petition, it was by the order of the board of county commissioners aforesaid duly prohibited from running at large; that the plaintiff at that time well knew that said order was in full force and effect in the county of Greeley, notwithstanding which, and in violation thereof, he turned the animal out upon the highways and commons of the

county and permitted the same to be running at large, contrary to the provisions of the order and contrary to law, and by reason thereof was guilty of negligence which directly contributed to the injury to the animal as alleged in his petition, if the animal was injured as therein alleged."

To this defense the defendant filed a demurrer, which was sustained by the court, to which ruling the railway company excepted, and brings the case here for review.

The order of the board is set forth with sufficient particularity as against a demurrer. A defense is stated, and it was error in the trial court to sustain the demurrer thereto. The case is reversed, with instructions to overrule the demurrer.